**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1094
_____

IN RE: ROCK AIRPORT OF PITTSBURGH, LLC,
Debtor

ROCK FERRONE,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01456)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2015

Before: FUENTES, SHWARTZ and ROTH, Circuit Judges
(Opinion filed: February 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

Rock Ferrone appeals from an order of the United States District Court for the

Western District of Pennsylvania ("the District Court") dismissing as moot his appeal of

two orders of the United States Bankruptcy Court for the Western District of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania ("the Bankruptcy Court"). For the reasons that follow, we will affirm the judgment of the District Court.

Because we write primarily for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. This appeal arises out of Chapter 11 Bankruptcy proceedings involving Rock Ferrone, the sole owner of Rock Airport of Pittsburgh, LLC ("Rock Airport" or "the Debtor"). Ferrone is also the sole shareholder of K-Cor, Inc., ("K-Cor") a Pennsylvania company that designs, manufactures, and sells newspaper equipment.

In April 2009, Rock Airport filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. In April 2013, Natalie Lutz Cardiello ("Cardiello" or "the Trustee") was appointed to serve as Trustee over the Rock Airport bankruptcy estate. Thereafter, Cardiello filed in the Bankruptcy Court a motion seeking an order approving the sale of the Debtor's assets to Alaskan Property Management Company, LLC ("Alaskan"). Listed among those assets was a building and a parcel of land located at 1000 Rockpointe Boulevard, at Rock Airport, in Tarentum, Pennsylvania ("the Rock Built Parcel").

Ferrone objected to Cardiello's motion to approve the sale to Alaskan, arguing that K-Cor was, in fact, the owner of the Rock Port Parcel and that, as a result, the property should not be included in the asset sale. In order to resolve the disputed ownership of the Rock Built Parcel, the Bankruptcy Court held an evidentiary hearing to determine

2

K-Cor's alleged ownership of the property. Following the evidentiary hearing, and after entertaining additional briefing on the issue, the Bankruptcy Court issued a final ruling on September 10, 2014, determining that all of the credible evidence and testimony demonstrated that the Debtor owned the Rock Built Parcel. In so holding, the Bankruptcy Court noted that K-Cor had failed to demonstrate that an agreement to convey the property from Rock Airport to K-Cor had ever existed. Nor had K-Cor produced evidence which might have otherwise suggested its ownership of the property (e.g., that it had insured the property or paid the property taxes).

Shortly thereafter, in a September 16, 2014 order, the Bankruptcy Court approved the sale of the Debtor's assets to Alaskan. The Court noted in its opinion that it had determined that Alaskan was a good faith purchaser, that the process complied with the applicable bankruptcy rules and code provisions, and that the sale was in the interest of the Debtor's estate. Several days later, Ferrone filed in the Bankruptcy Court an emergency motion for a stay pending appeal. After holding a hearing on Ferrone's emergency motion, the Bankruptcy Court denied a stay. On September 30, 2014, the Trustee and Alaskan closed on the sale of the Debtor's assets, which included the Rock Built Parcel.

Ferrone timely appealed to the District Court the Bankruptcy Court's September 10, 2014 order (ruling that the Debtor owned Rock Built Parcel) as well as its September

3

16, 2014 order (approving the sale of the Debtor's assets to Alaskan).[1]  The Trustee argued that the appeal was moot under 11 U.S.C. § 363(m).  Upon review, the District Court entered an order dismissing Ferrone's appeal as moot.  This appeal followed.[2]

We have jurisdiction over Ferrone's appeal from the District Court's order pursuant to 28 U.S.C. §§ 158(d) and 1291.  Our review over the District Court's legal conclusions is plenary, see In re Heritage Highgate, Inc., 679 F.3d 132, 139 (3d Cir. 2012), and we review findings of fact for clear error.  See In re Marvel Entm't Grp, Inc., 140 F.3d 463, 470 (3d Cir. 1998).

Sales in bankruptcy are governed by the provisions of 11 U.S.C. § 363 which, *inter alia*, authorize the trustee, after notice and a hearing, to use, sell, or lease property of a debtor's estate.  11 U.S.C. § 363(b)(1).  Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  To promote certainty and finality with respect to such sales, as well as to encourage parties to bid for assets in bankruptcy cases, § 363(m) prohibits the reversal of a sale to a good faith purchaser of bankruptcy estate property, 11 U.S.C. § 363(b)(1), if a party fails to obtain a stay of the sale.  See 11 U.S.C. § 363(m);[3] Cinicola

---

[1] We note that the Bankruptcy Court issued a separate order on September 16, 2014, approving the Trustee's Amended Disclosure Statement as well as her Chapter 11 Plan. However, Ferrone did not appeal that separate order to the District Court.

[2] Ferrone did not obtain a stay of the sale from the District Court or this Court either.

[3] The statute provides that "[t]he reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such

4

v. Scharffenberger, 248 F.3d 110, 121-22 (3d Cir. 2001). In interpreting that provision, we previously determined that the following two conditions must be satisfied before an appeal may be dismissed as moot under § 363(m): (1) the sale was not stayed pending appeal, and (2) reversal or modification of the Bankruptcy Court's authorization would affect the validity of the sale. See Cinicola, 248 F.3d at 128; Krebs Chrysler-Plymouth v. Valley Motors, Inc., 141 F.3d 490, 499 (3d Cir. 1998).

Having reviewed the record and the arguments on appeal, we conclude that the District Court correctly determined that Ferrone's appeal had been rendered moot under § 363(m). Although he sought a stay pending appeal, Ferrone was unsuccessful in securing one. Additionally, despite his repeated assertion that Alaskan did not purchase the Debtor's assets in good faith, we agree with the District Court that there is no evidence upon which to conclude that Alaskan was not a good-faith purchaser, or that Cardiello and Alaskan acted in bad faith. We further agree that the remedies sought by Ferrone on appeal—that K-Cor be deemed the owner of Rock Built Parcel, and that the sale of Rock Airport's assets to Alaskan be voided—would inevitably undermine the validity of the sale. As a result, the District Court correctly dismissed Ferrone's appeal as moot.[4]

---

authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

[4] We also agree, for the reasons identified by the District Court—and assuming without deciding that such a claim was cognizable—that there was no basis upon which to

For these reasons, we will affirm the judgment of the District Court. Ferrone's

request for oral argument is denied.

---

conclude that Ferrone's due process rights had been violated during relevant proceedings before the Bankruptcy Court.